Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile:  (949) 258-5081

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile:  (310) 943-2085

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>Plaintiff.<br><br>v.<br><br>PURPLE USA, INC., d.b.a. PURPLE PR, a Delaware corporation; DOES 1-10,<br><br>Defendants. | Case No.: 2:21-cv-7879<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Backgrid USA, Inc. complains against Defendant Purple USA, Inc. doing business as Purple PR ("Purple PR") and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants availed themselves to this district. Specifically, Defendants reside in this district and infringed Plaintiff's photographs in this district. Purple PR has offices in West Hollywood, California, and regularly solicits clients and media outlets in the Los Angeles area.

## PARTIES

3. Plaintiff Backgrid USA Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4. On information and belief, Defendant Purple USA, Inc. is a Delaware corporation, with its principal place of business in New York, New York.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask for leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

### *The Photo Agencies and the Photographs that Frame this Dispute*

6. Backgrid is one of Hollywood's largest celebrity-photograph agencies that regularly licenses celebrity-driven content to top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers, and other prominent media outlets throughout the world. Each license has been granted for valuable consideration of up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, Backgrid owns coveted Kylie Jenner, Hailey Bieber, Justin Bieber, and Kourtney Kardashian photographs at issue in this litigation, among many more. Backgrid owns at least four timely registered photographs that have been infringed by Defendant (hereinafter the "Celebrity Photographs"). *See* Exhibit A [copyright registrations], Exhibit B [screenshots of the infringement].

8. Backgrid filed for copyright registration of its Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. The Copyright registration information for the timely registered photographs is attached as Exhibit A.

### *Defendants and Their Willful Infringing Activity*

9. Purple PR is a public relations and communications agency that offers press, social media, event planning, creative strategy, and brand strategy services for its clients, which include high-end brands, talent, and influencers. It touts that "Purple highlights its brand[] and artist[] [clients] on a daily basis through its Instagram account, purplepr, which boasts nearly 45,000 followers." Currently, it has around 57,400 followers. As social media experts, Purple PR is intimately familiar with the value of posting celebrity photographs on its Instagram Account, such as the Celebrity Photographs.

10. Purple PR has reproduced, distributed, displayed, and created unauthorized derivative works of 4 timely registered Celebrity Photographs on its Instagram Account without consent or license, as shown in Exhibit B.

11. Purple PR has violated federal law by willfully infringing at least 4 timely registered photographs on, at least, its Instagram Account, which are owned by Backgrid.

12. Purple PR has induced, caused, or materially contributed to the reproduction, distribution and public display of the Celebrity Photographs, and derivatives thereof, all the while knowing that the infringing images were being used without permission, consent, or license.

13. On information and belief, at all times relevant to this dispute, Purple PR operated and controlled its Instagram Account and has financially benefited by displaying and reproducing the Celebrity Photographs thereto.  On information and belief, Purple PR has driven significant traffic to its Instagram account and increased the goodwill to its brand through the unauthorized use of the Celebrity Photographs, and thereby increased its revenues through the presence of the sought-after and searched-for Celebrity Photographs that frame this dispute.  Such traffic translated into a substantial ill-gotten commercial advantage and increased brand awareness as a direct consequence of the infringements.

14. Backgrid attempted to resolve this dispute with Purple PR prior to filing this lawsuit. Backgrid gave notice to Purple PR that it had infringed three photographs on or around February 27, 2020.  Instead of attempting to resolve the matter, Defendant infringed an additional two Backgrid Celebrity Photos. After Backgrid gave another notice that an additional two photographs were infringed, Purple PR infringed an additional photograph. Two of the infringed photographs are not at issue in this litigation. Stunningly, despite the multiple notices given to Purple PR, three of the four Celebrity Photographs are *live to this very day*. The remaining Celebrity Photograph was part of an Instagram Story that was automatically taken

down after 24 hours. On information and belief, Purple PR did not take any action to take it down.

## FIRST CLAIM FOR RELIEF

### (Backgrid's Claim for Copyright Infringement, 17 U.S.C. § 501)

15. Backgrid incorporates here by reference the allegations in paragraphs 1 through 14 above.

16. Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material that is wholly original copyrightable subject matter under the laws of the United States.

17. Backgrid filed for copyright registration of the Celebrity Photographs with the United States Copyright Office within 90 days of their first publication.

18. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. §§ 501 *et seq.*

19. All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

20. Backgrid has identified at least 4 instances of infringement by way of unlawful reproduction and display of the Celebrity Photographs.

21. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

22. Purple PR has willfully infringed, and unless enjoined will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing Backgrid's photographs by, among other things, virtue of Purple PR's encouragement of the infringement and financial benefit it receives from infringement of Backgrid's copyrights.

23. Defendant's wrongful acts have caused, and are causing, injury to Backgrid, which injury cannot be accurately computed, unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury for which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

24. The above-documented infringements alone would entitle Backgrid to a potential award of up to $600,000 in statutory damages for the at-least 4 infringed photographs, in addition to its attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction in, any and all the Celebrity Photographs, including on Instagram and Facebook;

2. That pursuant to 17 U.S.C. § 504 (a)(1) & (b) an accounting be made of all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights;

3. Pursuant to under 17 U.S.C. § 504 (a)(1) & (b) for actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, and for all damages suffered by Plaintiff by reasons of Defendant's acts;

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505, and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated:  October 2, 2021            **ONE LLP**

By: */s/ Joanna Ardalan*
Joanna Ardalan
Peter R. Afrasiabi

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff Backgrid USA, Inc., hereby demand trial by jury of all issues so triable under the law.

Dated:  October 2, 2021          **ONE LLP**

By: *ic/ Joanna Ardalan*
     Joanna Ardalan
     Peter R. Afrasiabi

*Attorneys for Plaintiff,*
Backgrid USA, Inc.